IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT STEVEN JOYCE, ) | Civil Action No. 7:14-cv-00348 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Norman K. Moon |
| WARDEN RANDALL MATHENA, ) | United States District Judge |
| Respondent. ) | |

Petitioner Robert Steven Joyce, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2008 conviction and sentence in the Circuit Court for Henry County. Joyce argues that his trial counsel was constitutionally ineffective. The state court found that Joyce's ineffective assistance of trial counsel claims were procedurally barred pursuant to Virginia Code § 8.01-654(B)(2) because Joyce did not raise them in his first state habeas corpus petition.[1] I conclude that the state court applied an independent and adequate state procedural bar to Joyce's claim, and Joyce has not demonstrated grounds to excuse his default. Therefore, I will grant respondent's motion to dismiss.

I.

After a lengthy pre-trial process that included Joyce's firing of a series of attorneys and two mental competency hearings, Joyce agreed to a bench trial in the Henry County Circuit Court. According to the evidence presented at trial, on August 3, 2006, Joyce was sitting with Martha Stultz in the living room of her apartment. Jesse Adams, Stultz's neighbor, came to

---

[1] The state court also ruled that Joyce's ineffective assistance of appellate counsel claim (which he has not raised in the present petition) failed under *Strickland v. Washington*, 466 U.S. 668 (1984), because Joyce failed to prove both deficient performance and prejudice resulting therefrom.

- 1 -

Stultz's home to use the telephone, which he had done before, having no telephone in his own home. After finishing the call, Adams spoke with Stultz and bent to give her a hug or kiss goodbye, and Joyce attacked Adams by throwing him through a glass table and kicking him in the face until he was unconscious. Stultz convinced Joyce to leave the house, locked the door, and called the police. Police arrived and arrested Joyce without incident; Joyce had bloody knuckles on one hand but no other injuries. Pictures officers took photographs of a bloody Adams and Stultz's blood-spattered walls and ceiling, which were introduced as evidence at the trial. Adams sustained a great many fractures to his face that required three surgeries to repair.

Both Adams and Stultz testified at the trial, and both admitted that they were convicted felons. Adams further admitted that he had been drinking. Adams's and Stultz's testimony differed slightly on the details of the attack, but their stories were generally the same as to the material facts. Joyce testified that both Adams and Stultz were crack addicts and that Adams came into Stultz's house seeking crack cocaine. He stated that upon his refusal to drive Adams to a place where he could purchase cocaine, Adams punched him in the forehead. Joyce testified that, having been in fights with Adams before, he was afraid for his life and rendered Adams unconscious in self-defense. Both Adams and Stultz denied that Adams threw any punches. The circuit court judge, upon consideration of all the evidence presented, convicted of Joyce of malicious wounding, destruction of property, and a probation violation. On May 28, 2008, the court sentenced him to twenty-seven years of incarceration, with thirteen years and six months of that sentence suspended.

Joyce noted an appeal to the Virginia Court of Appeals, but that appeal was never perfected. The court of appeals dismissed the notice of appeal on October 6, 2008. Joyce then filed a petition for a writ of habeas corpus to the Henry County Circuit Court, claiming (1)

ineffective assistance of counsel for failing to perfect the appeal and (2) ineffective assistance of trial counsel for failing to inquire about the use of crack cocaine by a prosecution witness on the night of the crime. On March 7, 2010, the circuit court dismissed ground two on its merits and granted ground one, providing Joyce with a delayed direct appeal as relief. The court of appeals denied the delayed appeal on August 4, 2010. Brinkley, with newly appointed appellate counsel, appealed to the Supreme Court of Virginia, which refused his petition on December 9, 2011. The Supreme Court of Virginia denied a motion for rehearing on March 8, 2012. Joyce did not file a petition for certiorari to the United States Supreme Court. His conviction, therefore, became final for the purposes of federal habeas consideration on June 6, 2012.

Joyce filed a second petition for a writ of habeas corpus with the Henry County Circuit Court on August 27, 2012, alleging that his appellate counsel was ineffective for: (1) failing to include as evidence his mug shot, (2) failing to introduce testimony from his sentencing hearing of the attorney who represented him at his preliminary hearing, and (3) failing to argue that his trial counsel was ineffective.[2] His petition also appeared to allege that (1) his trial counsel was ineffective, (2) he was incompetent to stand trial, and (3) there was insufficient evidence to convict him of malicious wounding. Ruling that Joyce's appellate counsel claims failed to meet the standards of *Strickland* and that all of his other claims were procedurally defaulted, the state court dismissed the petition on December 20, 2012. The Supreme Court of Virginia dismissed Joyce's petition for appeal on June 23, 2013. The supreme court then denied a petition for rehearing on September 19, 2013. Joyce timely filed his § 2254 petition in this court on July 1, 2014, making the claim that his trial counsel was ineffective for failing to introduce evidence to support a self-defense argument, failing to discredit the prosecution's witnesses, failing to secure

---

[2] Virginia does not allow claims of ineffective assistance of counsel to be brought on direct appeal. *Browning v. Commonwealth*, 452 S.E.2d 360, 362 n.2, 19 Va. App. 295, 297 n.2 (1994).

an plea bargain for a guilty plea of unlawful wounding, and expecting a statutory speedy trial violation to cause a dismissal of the case.

## II

A federal court may not rule on the merits of a habeas corpus claim if it is procedurally defaulted. A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); *see also Lambrix v. Singletary*, 520 U.S. 518, 523 (1998). Whether a rule is independent and adequate is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). A state procedural rule is "adequate" if it is "consistently and regularly applied" by the state courts, *Johnson v. Mississippi*, 486 U.S. 578, 587 (1998), "and it is independent if it does not depend on a federal constitutional ruling," *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Thus, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

A state prisoner can nevertheless obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with an error of constitutional magnitude. *Id.* The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if the petitioner can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the

substantive offense. *Id.* at 496. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

### III.

Virginia Code § 8.01-654(B)(2) requires that a state habeas petition "shall contain all allegations the facts of which are known to petitioner at the time of filing." The statute also provides that "[t]he provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation, except that such petition shall contain all facts pertinent to the denial of appeal that are known to the petitioner at the time of the filing." When Joyce filed his first state habeas petition, he asserted two grounds: one that his appellate counsel was ineffective for not perfecting his appeal and a second that his trial counsel was ineffective for not challenging the credibility of the prosecution's witnesses. Because he chose to include the second ground in his initial habeas petition, Petitioner was unable to take advantage of the section's exception to the rule that he must raise all of his claims in his initial habeas petition. The state court, therefore, correctly ruled that his later claims of ineffective assistance of trial counsel, among the other claims raised in his second habeas petitioner, were barred because he did not raise them all in his first petition. The Fourth Circuit has recognized on numerous occasions that Va. Code § 8.01-654(B)(2) is an independent and adequate state procedural bar for the purposes of federal habeas review. *See*, *e.g.*, *Mackall v. Angelone*, 131 F.3d 442, 446 (4th Cir. 1997), *cert. denied*, 522 U.S. 1100 (1998); *Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997), *cert. denied*, 521 U.S. 1140 (1997); *Gray v. Netherland*, 99 F.3d 158, 163 (4th Cir. 1996), *cert. denied*, 519 U.S. 1157 (1997).

Joyce has not proven prejudice sufficient to overcome the procedural default of his ineffective-assistance-of-trial-counsel claims.[3] A federal habeas court must give deference to the findings of fact and credibility determinations made by the trial court. 28 U.S.C. § 2254(e); *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983). The evidence presented to the circuit court judge weighed heavily in favor of Joyce's guilt. Two witnesses, deemed credible by the trial court, testified that Joyce was not provoked and that he so severely beat Adams that Adams suffered over one hundred facial fractures that required three surgeries to repair. The prosecution also submitted multiple photographs of Adams's damaged face and the apartment's blood-splattered walls and ceiling in support of the severity of the attack. Joyce's proffered evidence of provocation and self-defense—a mug shot showing a small blemish in the middle of his forehead—is not sufficient to undermine Joyce's responsibility for his violent actions. Furthermore, Joyce has not presented evidence sufficient to demonstrate that any of his counsel, pre-trial, trial, or appellate, were ineffective according to the dictates of *Strickland* or to a degree that calls into question the constitutionality of his trial. Nor has Joyce presented any evidence to suggest his actual, factual innocence in a way that would make the "miscarriage of justice" exception available to him. Because he has not overcome the state's procedural bar of his ineffective assistance of counsel claim, Joyce is not entitled to habeas relief.

**IV.**

For the reasons stated herein, I will grant respondent's motion to dismiss Joyce's petition for a writ of habeas corpus. An appropriate order follows.

---

[3] Considering the circumstances of his initial direct appeal and state habeas petition, it is likely that Joyce has established cause for his procedural default. He filed his first state habeas petition without the assistance of counsel, who would most likely have been better versed in the nuances of Virginia post-conviction law. Joyce needed to file the first petition to assert his constitutional right to a direct appeal, but, in order to preserve his future claims, the claim of ineffective assistance of appellate counsel should have been his sole allegation. Because I conclude that Joyce has not demonstrated prejudice, however, I will not rule on cause.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and to all counsel of record.

ENTER: This __25th__ day of June, 2015

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE